**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Knowles Electronics, LLC,<br><br>     *Plaintiff*,<br><br>v.<br><br>GoerTek, Inc. and GoerTek Electronics, Inc.,<br><br>     *Defendants*. | Civil Action No. 13-cv-4586<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Knowles Electronics, LLC, hereby files this Complaint against Defendants, GoerTek, Inc. and GoerTek Electronics, Inc., and states as follows:

### PARTIES

1.      Knowles Electronics, LLC ("Knowles") is a Limited Liability Company organized under the laws of the State of Delaware and having its principal offices located at 1151 Maplewood Drive, Itasca, Illinois 60143.

2.      Knowles is a pioneer in the field of manufacturing and selling certain silicon microphones having a Micro-Electro-Mechanical System microphone die encased within a surface mountable package ("MEMS microphones"). Knowles provides MEMS microphones for the cellular telephone and consumer electronics industries, among others, and was the number one global supplier of MEMS microphones for consumer and mobile applications in 2012.

3.      GoerTek, Inc. ("GoerTek China") is a Chinese Corporation headquartered in Weifang, Shangdong province, China and listed on the Shenzhen Stock Exchange with the ticker symbol 002241. Upon information and belief, GoerTek China's principal place of business is

1

located at 268 Dongfang Road, Hi-Tech Industry Development District, Weifang, 261031, China.

4.      GoerTek Electronics, Inc. ("GoerTek USA") is a California Corporation that is, upon information and belief, a subsidiary and/or affiliate of GoerTek China. Upon information and belief, GoerTek USA has a California business address of 1230 Midas Way, Suite 210, Sunnyvale, California 94085 and/or 2620 Augustine Drive #245, Santa Clara, California 95054. According to information provided by the website of the California Secretary of State, GoerTek USA's Agent for Service of Process in California is Meihsiang Chen, 2728 Capitola Terrace, Fremont, California 94539.

5.      GoerTek China and GoerTek USA are collectively referred to herein as "Defendants" or "GoerTek."

6.      GoerTek, a competitor of Knowles, is in the business of designing and manufacturing audio components and consumer electronic products, both under its own brand and as a contract manufacturer for other companies. GoerTek's website describes the company as "a worldwide leading acoustic component and audio consumer electronic product designer and manufacturer" that "provides total audio solutions to leading companies in communication and mobile industries."

7.      Upon information and belief, the employees of GoerTek in California include a Field Application Engineer, Mechanical Engineer, Product Manager, Business Director, and Senior Account Manager. Upon information and belief, GoerTek USA recently advertised job openings in California for a MEMS Microphone Engineer, a Component Engineer, and a Senior Marketing Manager.

8.      According to a business directory and advertisements for job openings available online, GoerTek maintains a place of business in Hoffman Estates, Illinois. At the Illinois location, upon information and belief, GoerTek employs, at minimum, a Senior Director and a Senior Product Design Manager who hold themselves out as employees of "GoerTek, Inc." GoerTek USA recently advertised a job opening for a Product Design Engineer based in Illinois.

9.      GoerTek USA is considered and expressly held out as a "branch office" of GoerTek China, and upon information and belief, GoerTek USA exists to conduct the business of—and is substantially controlled by—GoerTek China.

## JURISDICTION AND VENUE

10.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.*

11.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

12.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FACTS COMMON TO ALL COUNTS

13.      GoerTek has been and still is without authority making, using, selling, offering for sale and/or importing silicon microphone products that fall within the scope of the three patents asserted below, whether alone or as part of an end product.

14.      GoerTek has sold and/or provided infringing silicon microphone products, and continues to sell and/or provide infringing silicon microphone products, directly and/or indirectly, to third parties, including but not limited to customers, manufacturers, distributors, and/or resellers (collectively, "Downstream Parties").

15.     Upon information and belief, products containing the infringing silicon microphone products are sold throughout the United States, including in Illinois, through the distribution channels of GoerTek and/or the Downstream Parties.

16.     The infringing silicon microphone products described below have a packaging solution that appears to copy the packaging solution that Knowles invented for its own patented MEMS microphones.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,439,616**

17.     Knowles re-alleges paragraphs 1 through 16, which are incorporated herein by reference.

18.     United States Patent No. 7,439,616 ("the '616 patent"), entitled "Miniature Silicon Condenser Microphone" and naming Anthony D. Minervini as its inventor, was duly and legally issued on October 21, 2008. Since that date Knowles has been and still is the owner of the '616 patent. A true and correct copy of the '616 patent is attached hereto as Exhibit 1.

19.     GoerTek has been aware of the '616 patent since at least March 2009, when Knowles notified GoerTek that Knowles's MEMS microphone packaging patent portfolio includes the '616 patent, and that the '616 patent relates to MEMS packages.

20.     GoerTek has been and is now infringing, including under 35 U.S.C. § 271(a), one or more claims of the '616 patent by making, using, selling, offering to sell and/or importing its infringing silicon microphone products in or into the United States, without authority.

21.     The infringing silicon microphone products include silicon microphones having a laminate substrate and metal cover, as well as products containing such microphones, including earphones. Such infringing silicon microphone products include MEMS microphones bearing the marking "E958 85C" or "2109 037."

22.     GoerTek has sold and/or provided silicon microphone products that infringe one or more claims of the '616 patent to Downstream Parties that have incorporated, and continue to incorporate, such silicon microphone products into other infringing silicon microphone products, such as earphones.

23.     Downstream Parties have been and are now infringing, including under 35 U.S.C. § 271(a), one or more claims of the '616 patent by making, using, selling, offering to sell and/or importing infringing silicon microphone products, in or into the United States, without authority.

24.     GoerTek has, since at least March 2009, known or been willfully blind to the fact that such acts by Downstream Parties of making, using, selling, offering to sell and/or importing infringing silicon microphone products directly infringe the '616 patent. Knowles has further notified GoerTek of such infringement through the filing of this complaint.

25.     Upon information and belief, GoerTek actively has encouraged and continues to actively encourage Downstream Parties to directly infringe the '616 patent by marketing infringing silicon microphone products and making recommendations for such products to its customers; relaying customer demands for new infringing silicon microphone products to GoerTek's research and development team; providing technical training to resellers and distributors; and providing product design support, prototypes, and technical assistance to customers during the entire life cycle of infringing silicon microphone products.

26.     Upon information and belief, GoerTek also actively has encouraged and continues to actively encourage Downstream Parties to directly infringe the '616 patent by providing its customers with technical specifications for the infringing silicon microphone products and suggesting applications for such infringing silicon microphone products.

27.     Thus, GoerTek has specifically intended to induce, and has induced, Downstream Parties to infringe one or more claims of the '616 patent, and GoerTek has known of or been willfully blind to such infringement. GoerTek has advised, encouraged, and/or aided Downstream Parties to engage in direct infringement, including through its encouragement, advice, and assistance to Downstream Parties to use the infringing silicon microphone products and to incorporate such products into other infringing silicon microphone products.

28.     Based on, among other things, the foregoing facts, GoerTek has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of one or more claims of the '616 patent.

29.     Further, the infringing silicon microphone products imported, sold, and/or offered for sale in or into the United States by GoerTek are especially made and adapted—and specifically intended by GoerTek—to be used as components and material parts of machines, manufactures, and/or combinations that are patented by Knowles and infringe one or more claims of the '616 patent in silicon microphone products, including earphones.

30.     The infringing silicon microphone products imported, sold, and/or offered for sale in or into the United States by GoerTek are not staple articles or commodities of commerce and, due to their specific design, do not have substantial non-infringing uses.

31.     At least since March 2009, GoerTek has known or been willfully blind to the fact that such infringing silicon microphone products are especially made and adapted for—and are in fact used in—machines, manufactures, and/or combinations that are patented by Knowles and infringe one or more claims of the '616 patent, and that the infringing silicon microphone products are not staple articles or commodities of commerce suitable for substantial non-

infringing use. Knowles has further notified GoerTek of the foregoing facts through the filing of this complaint.

32.     Based on, among other things, the foregoing facts, GoerTek has contributorily infringed, and continues to contributorily infringe, one or more claims of the '616 patent under 35 U.S.C. § 271(c).

33.     Knowles has suffered damages as a result of the direct and indirect infringing activities of GoerTek and will continue to suffer such damages as long as those infringing activities continue.

34.     Said direct and indirect infringement has caused and will continue to cause irreparable harm to Knowles, unless and until such infringement is enjoined by this Court.

35.     Remedies at law are inadequate to compensate for that injury, with the balance of hardships between Knowles and GoerTek, and the public interest, warranting an injunction.

36.     GoerTek has directly and indirectly infringed the '616 patent willfully and deliberately. GoerTek had knowledge of the '616 patent since at least March 2009 and knew or should have known that there was an objectively high likelihood that its actions constituted infringement of one or more claims of the '616 patent.

37.     As a result of GoerTek's deliberate and willful infringement, Knowles is entitled to enhanced damages under 35. U.S.C. § 284.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,018,049**

38.     Knowles re-alleges paragraphs 1–37, which are incorporated herein by reference.

39.     United States Patent No. 8,018,049 ("the '049 patent"), entitled "Silicon Condenser Microphone And Manufacturing Method" and naming Anthony D. Minervini as its inventor, was duly and legally issued on September 13, 2011. Since that date Knowles has been

and still is the owner of the '049 patent. A true and correct copy of the '049 patent is attached hereto as Exhibit 2.

40.     Upon information and belief, GoerTek has received Knowles MEMS microphones marked as protected by the '049 patent since at least early 2013. In addition, GoerTek has been aware of the application leading to the '049 patent since at least March 2009, when Knowles notified GoerTek that Knowles's MEMS microphone packaging patent portfolio included U.S. Published Patent Application No. 2007/0201715.

41.     GoerTek has been and is now infringing, including under 35 U.S.C. § 271(a) and/or (g), one or more claims of the '049 patent by making, using, selling, offering to sell and/or importing its infringing silicon microphone products in or into the United States, without authority.

42.     The infringing silicon microphone products include silicon microphones having a laminate substrate and metal cover, as well as products containing such microphones, including earphones and Bluetooth headsets. Such infringing silicon microphone products include MEMS microphones bearing the marking "E958 85C," "2027 044," or "2109 037."

43.     GoerTek has sold and/or provided silicon microphone products that infringe the '049 patent to Downstream Parties that have incorporated, and continue to incorporate, such silicon microphone products into other infringing silicon microphone products, such as earphones and Bluetooth headsets.

44.     Downstream Parties have been and are now directly infringing, including under 35 U.S.C. § 271(a) and/or (g), one or more claims of the '049 patent by making, using, selling, offering to sell and/or importing infringing silicon microphone products, in or into the United States, without authority.

45.     GoerTek has, since at least early 2013, known or been willfully blind to the fact that such acts by Downstream Parties of making, using, selling, offering to sell, and/or importing infringing silicon microphone products directly infringe the '049 patent. Knowles has further notified GoerTek of such infringement through the filing of this complaint.

46.     Upon information and belief, GoerTek actively has encouraged and continues to encourage Downstream Parties to directly infringe the '049 patent by marketing infringing silicon microphone products and making recommendations for such products to its customers; relaying customer demands for new infringing silicon microphone products to GoerTek's research and development team; providing technical training to resellers and distributors; and by providing product design support, prototypes, and technical assistance to customers during the entire life cycle of infringing silicon microphone products.

47.     Upon information and belief, GoerTek also actively has encouraged and continues to encourage Downstream Parties to directly infringe the '049 patent by providing its customers with technical specifications for the infringing silicon microphone products and suggesting applications for such infringing silicon microphone products.

48.     Thus, GoerTek has specifically intended to induce, and has induced, Downstream Parties to infringe one or more claims of the '049 patent, and GoerTek has known of or been willfully blind to such infringement. GoerTek has advised, encouraged, and/or aided Downstream Parties to engage in direct infringement, including through its encouragement, advice, and assistance to Downstream Parties to use the infringing silicon microphone products and to incorporate such products into other infringing silicon microphone products.

49.     Based on, among other things, the foregoing facts, GoerTek has induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of one or more claims of the '049 patent.

50.     Knowles has suffered damages as a result of the direct and indirect infringing activities of GoerTek, and will continue to suffer such damages as long as those infringing activities continue.

51.     Said direct and indirect infringement has caused and will continue to cause irreparable harm to Knowles, unless and until such infringement is enjoined by this Court.

52.     Remedies at law are inadequate to compensate for that injury, with the balance of hardships between Knowles and GoerTek, and the public interest, warranting an injunction.

53.     GoerTek has directly and indirectly infringed the '049 patent willfully and deliberately. Upon information and belief, GoerTek has had knowledge of the '049 patent at least since early 2013, and knew or should have known that there was an objectively high likelihood that its actions constituted infringement of one or more claims of the '049 patent.

54.     As a result of GoerTek's deliberate and willful infringement, Knowles is entitled to enhanced damages under 35. U.S.C. § 284.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,121,331

55.     Knowles re-alleges paragraphs 1–54, which are incorporated herein by reference.

56.     United States Patent No. 8,121,331 ("the '331 patent"), entitled "Surface Mount Silicon Condenser Microphone Package" and naming Anthony D. Minervini as its inventor, was duly and legally issued on February 21, 2012.  Since that date Knowles has been and still is the owner of the '331 patent. A true and correct copy of the '331 patent is attached hereto as Exhibit 3.

57.     GoerTek has been and is now infringing, including under 35 U.S.C. § 271(a), one or more claims of the '331 patent by making, using, selling, offering to sell and/or importing its infringing silicon microphone products in or into the United States, without authority.

58.     The infringing silicon microphone products include silicon microphones having a laminate substrate and metal cover, as well as products containing such microphones, including earphones and Bluetooth headsets. Such infringing silicon microphone products include MEMS microphones bearing the marking "E958 85C," "2027 044," or "2109 037."

59.     GoerTek has sold and/or provided silicon microphone products that infringe the '331 patent to Downstream Parties that have incorporated, and continue to incorporate, the infringing silicon microphone products into other infringing silicon microphone products, such as earphones and Bluetooth headsets.

60.     Downstream Parties have been and are now directly infringing, including under 35 U.S.C. § 271(a), one or more claims of the '331 patent by making, using, selling, offering to sell and/or importing infringing silicon microphone products, in or into the United States, without authority.

61.     GoerTek, beginning at least with the notification provided by the filing of this Complaint, has known or been willfully blind to the fact that the acts by Downstream Parties of making, using, selling, offering to sell, and/or importing infringing silicon microphone products directly infringe the '331 patent.

62.     Upon information and belief, GoerTek actively has encouraged and continues to encourage Downstream Parties to directly infringe the '331 patent by marketing infringing silicon microphone products and making recommendations for such products to its customers; relaying customer demands for new infringing silicon microphone products to GoerTek's

research and development team; providing technical training to resellers and distributors; and by providing product design support, prototypes, and technical assistance to customers during the entire life cycle of infringing silicon microphone products.

63. Upon information and belief, GoerTek also actively has encouraged and continues to encourage Downstream Parties to directly infringe the '331 patent by providing its customers with technical specifications for the infringing silicon microphone products and suggesting applications for such infringing silicon microphone products.

64. Thus, GoerTek has specifically intended to induce, and has induced, Downstream Parties to infringe one or more claims of the '331 patent, and GoerTek has known of or been willfully blind to such infringement. GoerTek has advised, encouraged, and/or aided Downstream Parties to engage in direct infringement, including through its encouragement, advice, and assistance to Downstream Parties to use the infringing silicon microphone products and to incorporate such products into other infringing silicon microphone products.

65. Based on, among other things, the foregoing facts, GoerTek induces infringement of one or more claims of the '331 patent under 35 U.S.C. § 271(b).

66. Knowles has suffered damages as a result of the direct and indirect infringing activities of GoerTek, and will continue to suffer such damages as long as those infringing activities continue.

67. Said direct and indirect infringement has caused and will continue to cause irreparable harm to Knowles, unless and until such infringement is enjoined by this Court.

68. Remedies at law are inadequate to compensate for that injury, with the balance of hardships between Knowles and GoerTek, and the public interest, warranting an injunction.

## EXCEPTIONAL CASE

69.     Knowles re-alleges paragraphs 1 through 68, which are incorporated herein by reference.

70.     This case is exceptional under 35 U.S.C. § 285, and Knowles is entitled to its attorneys' fees and reasonable costs and expenses of litigation.

## REQUEST FOR RELIEF

WHEREFORE, Knowles respectfully requests that the Court enter a judgment:

A.      Declaring that Defendants have directly infringed and are continuing to directly infringe U.S. Patent Nos. 7,439,616, 8,018,049, and 8,121,331, and that Defendants have indirectly infringed and are continuing to indirectly infringe U.S. Patent Nos. 7,439,616, 8,018,049, and 8,121,331;

B.      Permanently enjoining Defendants, together with their subsidiaries, agents, officers, employees, directors, licensees, servants, successors, and assigns, from directly or indirectly infringing U.S. Patent Nos. 7,439,616, 8,018,049, or 8,121,331;

C.      Awarding Knowles damages adequate to compensate for GoerTek's direct and indirect infringing activities, including supplemental damages for any post-verdict infringement up until entry of the final Judgment with an accounting as needed, together with prejudgment and post-judgment interest on the damages awarded;

D.      Awarding Knowles enhanced damages under 35 U.S.C. § 284;

E.      Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding Knowles its reasonable costs and expenses of litigation, including attorneys' and experts' fees; and

F.      Awarding Knowles such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Knowles Electronics, LLC, demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 21, 2013

Respectfully submitted,

*/s/David M. Airan*

David M. Airan (dairan@leydig.com)
Leonard Hua (lhua@leydig.com)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 N. Stetson Avenue
Suite 4900
Chicago, Illinois 60601-6731
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

Robert T. Haslam (rhaslam@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, California 94065-1418
Telephone: (650) 632-4702
Facsimile: (650) 632-4802

*Of counsel:*

Sturgis M. Sobin (ssobin@cov.com)
Brian G. Bieluch (bbieluch@cov.com)
David Garr (dgarr@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Dale A. Rice (drice@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, California 94111-5356
Telephone: (415) 591-7081
Facsimile: (415) 955-6581

*Counsel for Plaintiff*
*Knowles Electronics, LLC*